FERNANDEZ, Circuit Judge, dissenting:
In my view, the strictures of 28 U.S.C. § 2254 will not permit us to overturn the state courts’ determination that counsel was not ineffective. Rather, those courts could properly determine that this experienced attorney made a reasoned tactical decision that it was pointless to make a motion to suppress because that motion would have been denied out of hand. He was of the opinion that, it “would require a far greater showing of any suggestiveness or coercion” to succeed. The state Court of Appeal agreed with his assessment, and even declared that the “tactical decision not to bring a suppression motion that lacked merit was reasonable.” Nor will it do to suggest that a motion to suppress should have been filed anyway because there was “ ‘nothing to lose.’ ” Knowles v. Mirzayance, — U.S. -, -, 129 S.Ct. 1411, 1419, 173 L.Ed.2d 251 (2009). I fear that the majority has fallen prey to the hindsight fallacy,[1] and has failed to conduct the “doubly deferential”[2] review that is demanded in this area.[3] I cannot agree that counsel was ineffective when he accurately assessed the situation he faced, and then concentrated his efforts on demonstrating to the jury that the identification was weak and unreliable. After all, counsel does not have to raise every possible viable issue, and the Supreme Court has told us that “[tjhere are countless ways to provide effective assistance in any given *700 case.” Strickland, 466 U.S. at 689, 104 S.Ct. at 2065. Counsel chose one of those possible ways. We should not “second-guess” him. Id. Thus, I respectfully dissent.

. See Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984).

. Knowles, - U.S. at -, 129 S.Ct. at 1420.

. Indeed, to have a constitutional violation there must be a " 'very substantial likelihood of ... misidentification.' " Neil v. Biggers, 409 U.S. 188, 198, 93 S.Ct. 375, 381, 34 L.Ed.2d 401 (1972). Thus, it might almost be said that review should be triply deferential in this area. By the way, I do not think that standard was met in any event.